UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WARNELL REID, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:16CV1772 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on *pro se* Movant Warnell Reid's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed November 10, 2016. (ECF No. 1).

## BACKGROUND

On November 30, 2011, Movant was charged in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Movant proceeded to trial, and on August 29, 2012, the jury returned a verdict of guilty.

Following Movant's conviction, the United States Probation Office prepared a Presentence Investigation Report ("PSR"), in which it concluded that Movant qualified as an Armed Career Criminal ("ACC") pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), based upon three prior convictions for violent felonies. This resulted in an advisory sentencing guidelines range of 188 to 235 months. On November 16, 2012, the Court sentenced Movant to 188 months imprisonment, to be followed by a two-year term of supervised release.

Movant appealed his conviction and sentence to the Eighth Circuit Court of Appeals, raising the following two issues: (1) that the District Court erred in failing to suppress the evidence, and (2)



that the District Court erred in finding Movant to be an ACC. In an opinion issued October 20, 2014, the Eighth Circuit held that the search complied with the Fourth Amendment. The Eighth Circuit found Movant's prior conviction for attempted burglary under Missouri law was not a "violent felony" for purposes of § 924(e), however. The Court therefore affirmed the conviction, but vacated the sentence and remanded the case to this Court for resentencing. *See United States v. Reid*, 769 F.3d 990 (8th Cir. 2014).

On March 20, 2015, the Court sentenced Movant to a term of 96 months imprisonment, to be followed by two years supervised release. Movant again appealed, raising claims of procedural error and substantive unreasonableness. The Eighth Circuit affirmed this Court's sentence on July 5, 2016. *See United States v. Reid*, 827 F.3d 797 (8th Cir. 2016).

As stated above, Movant filed the instant § 2255 Motion on November 10, 2016[1], raising numerous grounds for relief.

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack..." 28 U.S.C. § 2255(a). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results

---

[1] "A 1-year period of limitation shall apply to a motion under [§ 2255]." 28 U.S.C. § 2255(f). "The limitation period shall run from...(1) the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). As stated above, the Eighth Circuit issued its opinion on July 5, 2016. The present motion, filed November 10, 2016, thus is within the 1-year limitation period provided for in § 2255.

in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[2]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994), quoting 28 U.S.C. § 2255. Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996), quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citation omitted).

## DISCUSSION

### I. Procedural Default

A collateral attack pursuant to § 2255 is not a substitute for a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982). Therefore, a movant ordinarily is precluded from asserting claims in a § 2255 motion that he has failed to raise on direct appeal. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001); *Poor Thunder v. United States*, 810 F.2d 817, 823 (8th Cir. 1987). "A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise that claim in a Section 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *McNeal*, 249 F.3d at 749 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

---

[2] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" *Reed*, 512 U.S. at 353, quoting *Davis v. United States*, 417 U.S. 333, 344, 94 S.Ct. 2298, 2304, 41 L.Ed.2d 109 (1974).

In Ground 2 of his § 2255 Motion, Movant claims his constitutional right to due process was violated when the District Court refused to grant his *pro se* motion for recusal. (§ 2255 Motion, P. 4). Upon consideration the Court finds Movant could have raised this issue on direct appeal, but did not do so. The claim thus is procedurally defaulted. *See Poor Thunder*, 810 F.2d at 823 (internal citation omitted) ("[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief."). In order to overcome his procedural default, Movant was required to demonstrate cause and actual prejudice, or actual innocence. *Bousley*, 523 U.S. at 622. Movant fails to demonstrate cause for the default[3], nor does he present evidence tending to establish that he is actually innocent of the crime for which he was convicted. Ground 2 of Movant's § 2255 Motion is therefore procedurally barred and will not be addressed on the merits.

## II. Claims Addressed On The Merits

### A. Ground 1

In Ground 1 of his § 2255 Motion, Movant asserts his trial counsel was ineffective for failing to file a motion to recuse this Court after Movant requested that he do so. (§ 2255 Motion, P. 2). Movant contends recusal was warranted because:

> the instant district court was responsible for issuing an arrest warrant for Earnestine Graham for a supervised release violation, during this arrest Ms. Graham's residence was searched, and firearms were found. Movant was arrested with Ms. Graham who had a revocation hearing in front of this instant court on November 28, 2011....Ms. Graham was charged with a firearm violation, and she through her attorney filed a petition in the district court stating all the firearms belonged to movant....Ms. Graham received a rule 35 substantial assistance reduction because of her cooperation for testifying at trial by this instant court. Movant states that this instant court is also biased because movant had an evidentiary hearing in front of this instant court in 1999, Judge Jean C. Hamilton on this very charge that makes movant a convicted felon in this instant 922(g) charge, Robbery 1st.

---

3 Movant attempts to establish cause by claiming his appellate attorney was ineffective for failing to raise the claim. As discussed below, however, appellate counsel was not ineffective for failing to raise the claim.

(*Id.*).[4]

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. *Id.* at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

Upon consideration the Court finds that with this claim, Movant fails to satisfy the prejudice prong of his claim of ineffective assistance of counsel. The Court's review of the record reveals that Movant himself filed a *pro se* motion for this Court to recuse on February 15, 2012, in which he raised the same concerns raised in the instant motion. (*See* Case No. 4:11CR499 JCH, ECF No. 47). The Court denied the motion, and Movant offers no explanation as to why a motion filed by his attorney would have succeeded where his *pro se* motion failed. Movant thus fails to demonstrate that absent trial counsel's alleged error, the result of the proceeding would have been different, and so this portion of Movant's § 2255 Motion must be denied.

B.  **Ground 21**[5]

---

4 Where appropriate, the Court has made minor spelling and grammatical corrections to the quoted

In Ground 3 of his § 2255 Motion Movant alleges his appellate counsel was ineffective, for failing to appeal the District Court's denial of Movant's *pro se* motion for recusal. (§ 2255 Motion, P. 25).[6] Movant was entitled to effective assistance of counsel on direct appeal because it was his "first appeal as of right."[7] *Reese v. Frey*, 801 F.2d 348, 351 (8th Cir. 1986) (citation omitted). As noted above, in order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland*, 466 U.S. at 687.[8] Appellate advocates often winnow out weaker arguments on appeal, *see United States v. Brown*, 528 F.3d 1030, 1032 (8th Cir. 2008), and absent contrary evidence, the Court "assumes that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." *Id.* at 1033 (citation omitted).

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. *Strickland*, 466 U.S. at 694. In the context of ineffective assistance on appeal, a movant makes a sufficient showing of prejudice if an omitted issue had "arguable merit," and if there is a "reasonable probability that his direct appeal would have been successful had the issue been submitted." *Reese*, 801 F.2d at 351.

In his § 2255 Motion, Movant essentially raises two reasons this Court allegedly should have recused itself. First, Movant claims the Court was biased because both his case and that of

---

portions of Movant's submissions.
5 At times the Court addresses Movant's claims out of sequence, in an effort to group like claims together.
6 Movant's claim of ineffective assistance of appellate counsel is not subject to procedural default, as it could not have been raised on direct appeal because the facts upon which the claim is based were still accruing.
7 "To require any less of counsel on appeal, . . . would render 'the promise of *Douglas* [*v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)] that a criminal defendant has a right to counsel on appeal a futile gesture.'" *Beavers v. Lockhart*, 755 F.2d 657, 661 (8th Cir. 1985) (quoting *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985)).
8 The two-part *Strickland* analysis applies whether the ineffective assistance of counsel claim relates to trial counsel or appellate counsel. *See e.g., Beavers v. Lockhart*, 755 F.2d at 661.

Earnestine Graham were before the Court. Movant does not point to facts the Court allegedly learned in Ms. Graham's case that it would not otherwise have known, however, nor does he explain why the fact that Ms. Graham ultimately cooperated resulted in this Court being biased against Movant.

Second, Movant claims the Court was biased because it previously sentenced Movant in one of his earlier Missouri criminal cases. Movant raised a similar issue in his second appeal to the Eighth Circuit, and the Court rejected the claim. *See United States v. Reid*, 827 F.3d at 803.

Upon consideration of the foregoing, the Court finds that with this claim, Movant fails to establish either prong of the *Strickland* test. In other words, given the Eighth Circuit's rejection of a similar argument, Movant fails to show either that appellate counsel was ineffective (for failing to raise this meritless issue on direct appeal), or that there is a reasonable probability his direct appeal would have been successful had the issue been submitted. Ground 21 will therefore be denied.

### C. Grounds 3 and 25

In Ground 3 of his § 2255 Motion Movant asserts he received ineffective assistance of trial counsel, because counsel failed to file a motion to dismiss the indictment pursuant to the Speedy Trial Act. (§ 2255 Motion, P. 5). In Ground 25, Movant asserts he received ineffective assistance of counsel on appeal, as appellate counsel failed to raise the corresponding claim of ineffective assistance of trial counsel. (*Id.*, P. 32).

18 U.S.C. § 3161 provides in relevant part as follows:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

*See* 18 U.S.C. § 3161(c)(1). Numerous periods of delay are "excluded in…computing the time within which the trial of any such offense must commence", however. 18 U.S.C. § 3161(h).



In its response to Movant's § 2255 Motion, the Government sets forth a detailed analysis of the periods excludable under the Speedy Trial Act in Movant's case. (Government's Response to Show Cause Order, PP. 16-21). The Court will not repeat the recitation here, but after reviewing the record in this case, the Court concludes there was no speedy trial violation. Movant thus fails to demonstrate either deficient performance, *i.e.*, that counsel's failure to raise the issue fell outside the wide range of professionally competent assistance, or prejudice, *i.e.*, that there is a reasonable probability that, but for counsel's errors, the result of the trial or direct appeal would have been different, had the issue been submitted. Grounds 3 and 25 will therefore be denied.

D. **Ground 4**

In Ground 4 of his § 2255 Motion Movant asserts he received ineffective assistance of trial counsel, because counsel failed to file written objections to the Magistrate Judge's Report and Recommendation. (§ 2255 Motion, P. 6). Upon review of the record, the Court finds that with this claim, Movant fails to establish the requisite prejudice. The Magistrate Judge filed his Report and Recommendation on February 7, 2012. (*See* Case No. 4:11CR499 JCH, ECF No. 41). On February 15, 2012, Movant filed a Motion to Dismiss his Court-Appointed Attorney, and on February 16, 2012, Movant's appointed counsel filed a Motion to Withdraw. (*Id.*, ECF Nos. 43, 48). While those motions were pending, Movant filed his own *pro se* objections to the Report and Recommendation. (*Id.*, ECF No. 50). The Court conducted a de novo review of the entire record, including Movant's *pro se* objections, and then adopted the Magistrate Judge's recommendations. (*Id.*, ECF No. 51). Movant does not identify any objections that were not raised in his own submission, and so the Court does not find a reasonable probability that, but for counsel's failure to submit objections to the Report and Recommendation, the result of the proceeding would have been different. Ground 4 is denied.

E. **Grounds 5 and 26**

In Ground 5 of his § 2255 Motion Movant asserts he received ineffective assistance of trial counsel, in that counsel failed to file a motion to dismiss the indictment for failure to state a charge. (§ 2255 Motion, P. 9). Specifically, Movant maintains the indictment was infirm because it failed to identify the precise firearm at issue, as necessary to demonstrate that Movant's possession thereof violated 18 U.S.C. § 922(g). In Ground 26, he asserts he received ineffective assistance of counsel on appeal, as appellate counsel failed to appeal the denial of Movant's *pro se* motion to dismiss the indictment. (*Id.*, P. 32).

In order to obtain a conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), the Government must prove (1) that the defendant knowingly possessed a firearm; (2) that prior to that possession, the defendant had been convicted of one or more felony offenses punishable by a term of imprisonment exceeding one year; and (3) that prior to or during Movant's possession, the firearm had traveled in interstate or foreign commerce. *See* 18 U.S.C. § 922(g)(1); *see also United States v. Wyatt*, 853 F.3d 454, 457 (8th Cir. 2017).[9] The indictment in Movant's case stated in its entirety as follows:

> The Grand Jury charges that:
>
> On or about November 17, 2011, in the City of St. Louis, within the Eastern District of Missouri,
>
> **WARNELL REID,**
>
> the Defendant herein, having been convicted previously in the Circuit Court of the City of St. Louis, Missouri, in cause no.: 22921-01054-01, State of Missouri v. Warnell Reid, of Robbery First Degree, a crime punishable by a term of imprisonment exceeding one year under the laws of the state of Missouri, did

---

[9] There is no requirement that the indictment set forth a precise description of the firearm or firearms at issue.

knowingly possess one or more firearms which had previously traveled in interstate

or foreign commerce.

In violation of Title 18, United State Code, Section 922(g)(1).

(*See* Case No. 4:11CR499 JCH, ECF No. 13). The indictment thus clearly set forth the elements of the crime charged. and so neither trial counsel nor appellate counsel can be found ineffective for failing to challenge it. Grounds 5 and 26 are denied.

### F. **Grounds 6 and 17**

In Ground 6 of his § 2255 Motion Movant asserts he received ineffective assistance of trial counsel, in that counsel failed to file a motion to suppress evidence. (§ 2255 Motion, P. 9). In Ground 17, he asserts appellate counsel was ineffective for failing to raise trial counsel's error on appeal. (*Id.*, P. 20).

Upon review of the record, the Court finds Movant's trial counsel did file a Motion to Suppress Physical Evidence. (*See* Case No. 4:11CR499 JCH, ECF No. 28). Under these circumstances, Movant presents no evidence of ineffective assistance of counsel, and so Grounds 6 and 17 will be denied.

### G. **Ground 7**

In Ground 7 of his § 2255 Motion Movant maintains the trial Court erred in refusing to grant his motion for attorney Matthew Schelp to withdraw as counsel. (§ 2255 Motion, P. 10). Movant maintains he was denied his Sixth Amendment right to counsel, when he was forced to proceed to trial with Mr. Schelp as his attorney. (*Id.*).

The Court's review of the record reveals that Mr. Schelp was appointed to represent Movant on March 15, 2012. (*See* Case No. 4:11CR499 JCH, ECF No. 59). On July 20, 2012, at Movant's request, Mr. Schelp moved to withdraw as appointed counsel. (*Id.*, ECF No. 89). The Court held a hearing on Mr. Schelp's motion on July 23, 2012, and Movant agreed at that time to move forward

with Mr. Schelp as his attorney. (*Id.*, ECF No. 92). Because Movant agreed to Mr. Schelp's continued representation, he cannot claim the Court erred in denying his motion for withdrawal. Ground 7 is denied.

### H. **Ground 8**

In Ground 8 of his § 2255 Motion Movant asserts he received ineffective assistance of trial counsel, in that counsel failed to file a written motion for judgment of acquittal. (§ 2255 Motion, P. 11). The Court's review of the record reveals that trial counsel orally moved for judgment of acquittal at the close of the Government's case, and again at the close of all evidence. (*See* Case No. 4:11CR499 JCH, ECF No. 177, P. 245; ECF No. 178, P. 87). The Court overruled both motions. (*Id.*).

Upon consideration the Court finds that with this claim, Movant fails to establish either prong of the *Strickland* test. With respect to deficient performance, the Court does not find that Movant's attorney's failure to file a written motion for judgment of acquittal, in addition to his oral motions, rendered his representation constitutionally infirm. Furthermore, Movant fails to establish prejudice from the alleged failure; in other words, given the Court's overruling of the oral motions, Movant fails to demonstrate that the outcome of his proceeding likely would have been different had trial counsel filed a written motion. Ground 8 is denied.[10]

### I. **Ground 9**

In Ground 9 of his § 2255 Motion Movant asserts he received ineffective assistance of trial counsel, as follows:

> Counsel waived the commerce clause letting the firearm examiner Matthew Hanewinkel testify to A.T.F. Trace Reports which states the rifle with that serial

---

10 In Ground 22, Movant maintains appellate counsel was ineffective for failing to raise on direct appeal that the trial court erred in denying both his *pro se* motion for acquittal, and counsel's oral motions. (§ 2255 Motion, P. 26). Again, the Court finds that with this claim, Movant fails to demonstrate either deficient performance or prejudice.

> number (14117710) does not exist….This means the interstate nexus of rifle cannot be established. The firearm examiner does not read Chinese, but the markings on the rifles were not in English but in Chinese….Movant was convicted of firearms to which the interstate nexus hasn't been proven.

(§ 2255 Motion, P. 13).

The Court's review of the record reveals the following: witness Matthew Hanewinkel was a police officer with the St. Louis Metropolitan Police Department, and a firearms examiner assigned to the laboratory division. (*See* Case No. 4:11CR499, ECF No. 177, PP. 220, 221). In that capacity, his duties included examining firearms brought to the laboratory by law enforcement personnel, to determine whether the firearms functioned and where they were made. (*Id.*, P. 221). Mr. Hanewinkel testified that he examined the firearm at issue in Movant's case, and determined it was a Norinco make, SKS model 7.62 x 39 caliber, made in China. (*Id.*, PP. 222, 223, 226). He further testified that this type of firearm was never manufactured in the State of Missouri, but instead was imported to the United States by a Georgia-based company named Poly U.S.A. (*Id.*, PP. 225, 226).

Upon consideration of the foregoing the Court finds that with this testimony, the Government successfully established § 922(g)(1)'s element that Movant did knowingly possess one or more firearms which had previously traveled in interstate or foreign commerce. Trial counsel thus cannot be held ineffective for failing to raise the issue at trial, and so Ground 9 will be denied.

J. **Ground 10**

In Ground 10 of his § 2255 Motion Movant asserts he received ineffective assistance of trial counsel, in that counsel failed to object to Jury Instruction No. 17 and the special verdict director. (§ 2255 Motion, P. 13). Specifically, Movant complains that while the indictment did not charge a specific weapon or firearm, the verdict director charged a Norinco rifle and a Mossberg shotgun. (*Id.*).

Upon review of the record, the Court finds that neither Instruction No. 17 nor the verdict director referenced a specific firearm. (*See* Case No. 4:11CR499 JCH, ECF No. 116, PP. 12, 17). Furthermore, while the verdict form itself referenced specific firearms, the Court agrees with the Government that such specificity was necessary for a proper conviction. (*See Id.*, ECF No. 118). Under these circumstances, Movant fails to demonstrate deficient performance or prejudice, and so Ground 10 will be denied.

K. **Grounds 11 and 27**

In Ground 11 of his § 2255 Motion Movant maintains trial counsel was ineffective for failing to object, and request a new trial, in light of the Government's variance from and constructive amendment to the charges in the indictment. (§ 2255 Motion, P. 14). In Ground 27, he faults appellate counsel for failing to raise the issue on direct appeal. (*Id.*, P. 34).

"A constructive amendment occurs when the essential elements of the offense as charged in the indictment are altered in such a manner….that the jury is allowed to convict the defendant of an offense different from or in addition to the offense charged in the indictment." *United States v. Emly*, 747 F.3d 974, 982 (8th Cir. 2014) (internal quotations and citation omitted). "The basic difference between a constructive amendment and a variance is this: a constructive amendment changes the charge, while the evidence remains the same; a variance changes the evidence, while the charge remains the same." *United States v. Thomas*, 791 F.3d 889, 897 (8th Cir. 2015) (internal quotations and citation omitted).

Upon consideration, the Court finds there was neither a constructive amendment to nor a variance from the charge in the indictment in Movant's case. In other words, Movant was charged with possessing one or more firearms after being convicted of a felony offense punishable by a term of imprisonment exceeding one year, and the jury convicted him of that same offense. Movant was fully aware of the charge he had to defend against at trial, and so the Government did not

impermissibly amend or vary the charge or evidence. Under these circumstances, Movant again fails to demonstrate deficient performance on behalf of trial or appellate counsel for failing to raise the issue, or prejudice resulting from said failure. Grounds 11 and 27 will therefore be denied.

### L. **Grounds 12 and 13**

In Ground 12 of his § 2255 Motion Movant asserts he received ineffective assistance of trial counsel, in that counsel failed to object to prejudicial statements elicited from Earnestine Graham by the prosecutor at trial. (§ 2255 Motion, P. 14). In Ground 13, he claims trial counsel was ineffective for failing to object to the prosecutor's questions to Movant during the trial, that related to Movant's bad character rather than the § 922(g) felon in possession charge. (*Id.*, P. 15).

Upon consideration the Court finds that with both these claims, Movant fails to establish the requisite prejudice, for two reasons. First, Movant fails to establish a reasonable probability that the Court would have sustained the objections, had they been made. In other words, because the questions posed to Graham were relevant to proving Movant's presence in the residence and his possession of the firearms, and the questions to Movant were relevant to proving his lack of credibility, both lines of questioning likely would have been permitted over objection. More importantly, in light of the substantial evidence presented against Movant at trial, Movant fails to establish a reasonable probability that, had the Court sustained the objections, the result of his proceeding would have been different. Under these circumstances, Grounds 12 and 13 must be denied.

### M. **Ground 14**

In Ground 14 of his § 2255 Motion Movant asserts he received ineffective assistance of trial counsel, in that counsel failed to object to prosecutorial misconduct during closing argument. (§ 2255 Motion, P. 15). Specifically, Movant takes issue with the prosecutor's asking the jury to consider evidence not related to the § 922(g) charge, including (1) the fact that Movant and his

brother-in-law purchased firearms across a state line, (2) the fact that Movant had a conviction for robbery first degree and armed criminal action, when evidence of said conviction was admitted only to show motive, intent and knowledge, (3) the fact that Movant showed Earnestine Graham's son how to load a firearm, and (4) the fact that Movant showed up high. (*Id.*, PP. 15-16).

Upon consideration the Court finds that with this claim, Movant again fails to demonstrate the requisite prejudice. As noted above, in light of the overwhelming evidence against Movant, he fails to establish a reasonable probability that the outcome of his proceeding would have been different had trial counsel successfully lodged an objection to the prosecutor's statements. Ground 14 is denied.[11]

### N. **Ground 15**

In Ground 15 of his § 2255 Motion Movant asserts he received ineffective assistance of trial counsel, in that counsel failed to request a new trial based on the Government's presentation of perjured testimony to obtain an indictment and conviction. (§ 2255 Motion, P. 16). Upon consideration the Court finds that with this claim, Movant fails to demonstrate the requisite prejudice. The Court's review of the record reveals that Movant himself filed a *pro se* motion for new trial on November 8, 2012, in which he raised this very concern. (*See* Case No. 4:11CR499 JCH, ECF No. 136). The Court denied the motion (*see Id.*, ECF No. 145), and Movant offers no explanation as to why a motion filed by his attorney would have succeeded where his *pro se* motion failed. Movant thus fails to demonstrate that absent trial counsel's alleged error, the result of the proceeding would have been different, and so this portion of Movant's § 2255 Motion must be denied.[12]

---

11 In Ground 19, Movant maintains appellate counsel was ineffective for failing to raise on direct appeal trial counsel's alleged error. (§ 2255 Motion, P. 21). Again, the Court finds that with this claim, Movant fails to demonstrate the requisite prejudice.
12 In Ground 18 of his § 2255 Motion Movant asserts he received ineffective assistance of appellate

O. **Ground 16**

In Ground 16 of his § 2255 Motion Movant asserts he received ineffective assistance of trial counsel, in that counsel failed to locate, investigate and call defense witnesses to testify at trial. (§ 2255 Motion, P. 18). Specifically, Movant maintains counsel should have called the following as witnesses: (1) Paulette Reid, Movant's sister, who allegedly would have testified "that movant was not at 712 Thrush at 1:00 a.m. the morning of Nov. 17th 2011, as Ms. Graham stated during movant's trial, also that movant was not in possession of weapons, or wiping down any such weapons as Ms. Graham testified to during movant's trial"; (2) Willie Love, who allegedly would have testified that "movant didn't have dominion or control of Ms. Graham's residence during the instant offense"; and (3) Pat Hill, the owner and landlord of Ms. Graham's rental property, who allegedly would have testified that Movant did not have dominion or control over 712 Thrush, as his name was not on the lease or rental agreement and she never gave him a key. (*Id.*, PP. 18, 19).

Upon consideration the Court finds that with this claim, Movant fails to establish either prong of the *Strickland* test. With respect to performance, the Court finds that counsel's decision not to call Ms. Reid, Mr. Love or Ms. Hill as witnesses at trial was the product of sound trial strategy on his part. *See Emery v. United States*, Case No. 1:11CV13 SNLJ, 2011 WL 5553776, at 5 (E.D. Mo. Nov. 15, 2011) (internal quotation marks and citations omitted) ("We have consistently held that a reasoned decision not to call a witness is a virtually unchallengeable decision of trial strategy, in part because there is considerable risk inherent in calling any witness because if the witness does not hold up well on cross-examination, the jurors might draw unfavorable inferences."). With respect to prejudice, the Court does not find a reasonable probability that, but for counsel's failure to call the three witnesses, the result of the proceeding would have been different. Instead, the Court finds the

---

counsel, in that counsel failed to assert for plain error review the fact that the Government used perjured testimony to obtain the indictment. (§ 2255 Motion, P. 21). For the reasons delineated

limited value of the testimony the witnesses allegedly would have provided would not have canceled out the other evidence the Government brought forth at trial.[13] Ground 16 of Movant's § 2255 Motion will therefore be denied.

### P. **Ground 20**

In Ground 20 of his § 2255 Motion Movant asserts he received ineffective assistance of appellate counsel, in that counsel failed to assert for plain error review the fact that the Government used perjured testimony to obtain the conviction. (§ 2255 Motion, P. 23). Specifically, Movant maintains the Government elicited perjured testimony from Jimmie Love, ATF agent Franks and U.S. Marshals Wyatt and Moore. (*Id.*).

Upon consideration the Court finds that with this claim, Movant fails to demonstrate the requisite prejudice. Jury members heard testimony from both Ms. Graham's brother and the law enforcement agents, both on direct examination and cross examination by Movant's attorney. They obviously credited the testimony as credible, in light of their eventual verdict. Under these circumstances, the Court does not find a reasonable probability that the outcome of his direct appeal would have been different had the omitted issue been submitted. Ground 20 is denied.

### Q. **Ground 23**

In Ground 23 of his § 2255 Motion Movant asserts he received ineffective assistance of appellate counsel, in that appellate counsel failed to appeal the District Court's erroneous rulings on Movant's motion to suppress evidence. (§ 2255 Motion, P. 28). Upon review of the record, the Court finds Movant's appellate counsel did appeal the rulings on the motion to suppress, and the Eighth Circuit affirmed. *See United States v. Reid*, 769 F.3d 990 (8th Cir. 2014). Under these

---

above, the Court again finds Movant fails to demonstrate prejudice.
13 By way of example, the Court notes that testimony from Mr. Love and Ms. Hill, that Movant did not have dominion or control of Ms. Graham's residence during the instant offense and that Hill never gave him a key, would not have canceled out the fact that Ms. Graham herself gave Movant

circumstances Movant presents no evidence of ineffective assistance of appellate counsel, and so Ground 23 will be denied.

R. **Ground 24**

In Ground 24 of his § 2255 Motion Movant asserts he received ineffective assistance of appellate counsel, because counsel failed to challenge on appeal the District Court's "erroneous rulings, allowing prejudicial 404(b) and 609(a) evidence into movant's trial." (§ 2255 Motion, P. 30). The Court has considered Movant's argument, together with the Government's response thereto, and finds Movant fails to demonstrate a reasonable probability that the outcome of his direct appeal would have been different had the omitted issues been submitted. Ground 24 is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant=s Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED,** and his claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this 3rd Day of December, 2019.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

keys to the residence, and said keys were found in his possession.